IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RUSSELL WHELCHEL and JOSEPH BOVINO,**<br><br>Plaintiffs,<br><br>-against-<br><br>**THE EXECUTIVE CLUB, LLC d/b/a PENTHOUSE EXECUTIVE CLUB, I.M. OPERATING, LLC d/b/a SCORES NEW YORK, SCORES HOLDING COMPANY INC. and ROBERT GANS,**<br><br>Defendants. | 10 CV 2561 (AKH) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF RULE 37 MOTION TO COMPEL DEFENDANTS TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS**

FITAPELLI & SCHAFFER, LLP
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375
Facsimile: (212) 481-1333
*Attorneys for Plaintiffs*

Pursuant to Fed. R. Civ. P. 37(a)(1), Plaintiffs respectfully move the Court for an order compelling Defendants The Executive Club, LLC d/b/a Penthouse Executive Club and Robert Gans (collectively "Defendants") to respond to Plaintiffs' First and Second Set of Document Requests.

## PRELIMINARY STATEMENT

Plaintiffs submit this memorandum in support of their motion to compel discovery responses in the form of complete and adequate responses to documents requests. Rule 34 is clear that a party is required to provide complete and timely responses to all discovery requests, and that incomplete answers or unsubstantiated objections are insufficient. *See* Fed. R. Civ. P. 34. Yet, despite Plaintiffs' timely service of document requests, Defendants have failed to comply with their discovery obligations. The parties have met and conferred by exchanging correspondence in an effort to resolve these issues. Unfortunately, Defendants still refuse to provide necessary discovery. Accordingly, Plaintiffs have no choice but to bring the instant motion.

## PROCEDURAL BACKGROUND

Plaintiff Russell Whelchel ("Whelchel") filed the instant action on March 22, 2010, alleging that Defendants failed to pay minimum wage and spread of hours pay, and made unlawful deductions and tip misappropriations from his wages. (Complaint, Docket No. 1.) On July 30, 2010, Whelchel amended his Complaint, adding named Plaintiff Joseph Bovino ("Bovino"). (Amended Complaint, Docket No. 15.)

Plaintiffs served Defendants with document requests on August 6, 2010 and on October 8, 2010. Unfortunately, Defendants' responses to Plaintiffs First and Second Document Requests were deficient. After making good-faith attempts to communicate with Defendants on October 8, 2010 and November 24, 2010, regarding their discovery deficiencies, Defendant have still refused to properly respond to Plaintiffs' First and Second Document Requests, and continue to withhold materials known by Plaintiffs to exist.

- 1 -

**STATEMENT OF FACTS**

I.   **PLAINTIFFS' FACTUAL BACKGROUND**

Plaintiff Whelchel was employed by Defendants at the Penthouse Executive Club ("Penthouse") as a hair and makeup stylist from in or around October 2006 to May 20, 2009. Plaintiff Bovino has been employed by Defendants at Penthouse as a hair stylist from in or around June 2003 to the present. Throughout the duration of their employments with Defendants, Plaintiffs have consistently worked 11 hours per day for three days a week, without <u>ever</u> receiving hourly wages. Though Defendants claim that Plaintiffs were independent contractors, and thus not entitled to minimum wage and spread of hours pay pursuant to the FLSA and the NYLL, the facts establish that Defendants clearly supervised and controlled the terms and conditions of Plaintiffs' employment, such that they qualified as employees under the federal and state labor laws.

Not only have Defendants denied Plaintiffs wages for the many hours they worked, it was also Defendants' policy to make unlawful deductions/misappropriations from gratuities earned by both Plaintiffs. These unlawful deductions came in the form of: (1) "house fees" that Defendants required Plaintiffs to pay in order to work[1], and (2) a 10 percent "redemption fee" that Defendants charged Plaintiffs to exchange club script.[2]

II.   **HISTORY OF DEFICIENT RESPONSES**

   A.   <u>Plaintiffs' First Document Requests</u>

Plaintiffs served their First Set of Document Requests on August 6, 2010. (Declaration of Brian Schaffer ("Schaffer Decl.") ¶ 4.) On September 23, 2010, Defendants responded to Plaintiffs' First Document Requests. (Schaffer Decl. ¶ 5.) As outlined below, several of Defendants' responses to Plaintiffs' First Document Requests were deficient.

---

[1] Plaintiffs were required to pay Defendants "house fees" between $2.00 and $5.00 on a per dancer basis in order to work at Penthouse.

[2] Penthouse encouraged customers to tip entertainers with club script ("funny money"), which, in turn, was used by entertainers to tip Plaintiffs for performing hair and/or makeup services.

### 1. Defendants' Response to Plaintiffs' First Document Requests

Defendants' response to Document Request No. 1, whereby Plaintiffs requested, "All documents identifying Plaintiffs by (a) name, (b) position(s), (c) title(s), and/or (d) dates of employment," was particularly troubling. In response to this request, Defendants produced three letters (two of which are unsigned) that purportedly identify Whelchel as an "independent contractor." *Id.* Assuming, *arguendo*, that these documents were authentic and the only documents to that effect, this discovery would likely bolster Defendants' position. However, during the course of our investigation, we have obtained a letter signed by Mark Yackow, CEO of Penthouse, dated February 18, 2009, which clearly states that Whelchel was an employee of Penthouse. (Schaffer Decl. ¶ 6.) This letter was suspiciously absent from Defendants' discovery responses.

Defendants' responses to Document Requests Nos. 5, 7, and 12, relating to "house fees", were also incomplete and misleading. In these responses, Defendants claim that they never broke down or recorded the house fees that they collected from Plaintiffs prior to March 2010. However, Plaintiffs believe "house moms" and other individuals employed by Defendants, such as Night Auditors, recorded house fees throughout the course of their employment.

### 2. Plaintiffs' First Good Faith Attempt to Meet and Confer with Defendants

On October 8, 2010, Plaintiffs attempted to confer with Defendants regarding their discovery deficiencies via written correspondence. (Schaffer Decl. ¶ 6.) The letter indicated which responses Plaintiffs found to be deficient, such as the responses to Document Request Nos. 1, 5, 7, and 12, regarding documents mentioning Plaintiffs and house fees. Plaintiffs asked Defendants to consider the letter to be their good faith attempt to secure discovery without the need for judicial intervention. Defendants have not responded to Plaintiffs' First Good Faith Letter dated October 8, 2010. *Id.*

**B.   Plaintiffs' Second Document Requests**

Plaintiffs served their Second Set of Document Requests to The Executive Club, LLC d/b/a Penthouse Executive Club and Robert Gans ("Plaintiffs' Second Document Requests") on October 8, 2010.  (Schaffer Decl. ¶ 7.)  On November 17, 2010, Defendants responded to Plaintiffs Second Document Requests.  (Schaffer Decl. ¶ 8.)  However, Defendants' responses to Plaintiffs' Second Document Requests failed to disclose documents known to exist and documents directly related to Plaintiffs' claims.

**1.   Defendants' Response to Plaintiffs' Second Document Requests**

In response to Plaintiffs' Second Document Request Nos. 1 and 2, demanding all documents reflecting house fees collected by Defendants from 2004 to the present, Defendants claimed that, "records with respect to house fees received by the EXECUTIVE CLUB DEFENDANTS are presently only still available from September 1, 2009 up to the present date."  This is troubling because, in response to Plaintiffs' First Document Requests, Defendants claimed the documents existed only since March 2010.  Moreover, Defendants do not explain how additional records were mysteriously located.  Apparently, Defendants believe that records pertaining to house fees should only be disclosed on a piecemeal basis, and they only intend to produce portions of these records upon needlessly repeated requests by Plaintiffs.

Additionally, Defendants also refused to disclose corporate profit and loss statements, demanded in Plaintiffs' Second Document Request No. 11 in order to decipher the amount of house fees paid by Plaintiffs to Penthouse.  Instead, Defendants simply stated boilerplate objections, claiming that Document Request No. 11 is, "overly broad, burdensome, and not relevant to the present action, are entirely improper."  To date, Defendants have not produced corporate profit and loss statements responsive to this request.

### 2. Plaintiffs' Second Good Faith Attempt to Meet and Confer with Defendants

On November 24, 2010, Plaintiffs' again attempted to meet and confer with Defendants regarding Defendants' discovery deficiencies via written correspondence (Schaffer Decl. ¶ 9.). Plaintiffs informed Defendants that their responses to Plaintiffs' Second Document Request Nos. 1, 2, and 11 were deficient. Plaintiffs also reiterated the deficiencies stated in Plaintiffs' First Good Faith Letter regarding Defendants' First Document Request Responses, to which Defendants had still not responded to. In addition, Plaintiffs informed Defendants that if they were unable to locate hard copies of the documents requested, specifically letters referring to Plaintiffs and documents relating to "house fees" collected by Defendants from 2004 to the present, Plaintiffs requested that Defendants produce electronic data containing this information. Finally, Plaintiffs notified Defendants that they intend to vigorously pursue all relevant discovery to prosecute this action, and asked Defendants to consider the letter to be Plaintiffs' second good faith attempt to secure discovery without the need for judicial intervention.

### C. **Defendants' Response to Plaintiffs' Second Good Faith Letter**

Defendants responded to Plaintiffs' Second Good Faith Letter on December 2, 2010. (Schaffer Decl. ¶ 10.) In this correspondence, Defendants continued to deny the existence of documents demanded by Plaintiffs in their First and Second Request for Documents. Specifically, Defendants claimed that they are not in possession of (1) hard copy versions of letters referring to Plaintiffs, and (2) documents relating to "house fees" collected at Penthouse. Defendants also objected to providing several documents, such as profit and loss statements, based on their own belief that the requested materials would not assist Plaintiffs in prosecuting this action.

## LEGAL ARGUMENT

I.  **DEFENDANTS HAVE FAILED TO COMPLY WITH THEIR DISCOVERY OBLIGATIONS UNDER RULE 34**

Rule 34(b)(2)(A) requires responding parties to serve their answers and any objections to discovery requests within 30 days of service. Fed. R. Civ. P. 34(b)(2)(A). Plaintiffs served Defendants with a first set of document requests on August 6, 2010. (Schaffer Decl. ¶ 4.) On September 23, 2010, Defendants provided deficient responses to Document Request Nos. 1, 5, 7, and 12 of Plaintiffs' First Document Requests. (Schaffer Decl. ¶¶ 5, 6.) Subsequently, Plaintiffs served Defendants with a second set of document requests on October 8, 2010, (Schaffer Decl. ¶ 7,) and on November 17, 2010, Defendants provided deficient responses to Document Request Nos. 1, 2, and 11 of Plaintiffs' Second Document Requests. (Schaffer Decl. ¶¶ 8, 9.) To date, Defendants refuse to produce documents known by Plaintiffs to exist, which are clearly related to Plaintiffs' claims. As such, Defendants responses to the above-mentioned document requests remain deficient.

II.  **THE COURT SHOULD ORDER DEFENDANTS TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS**

When a responding party fails to make necessary disclosures or cooperate in discovery, Rule 37 permits the party seeking discovery to move to compel responses after conferring in good faith with the responding party or attempting to do so. Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iv). According to Rule 37, a discovery motion may be filed if, "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Moreover, Rule 37 also states that, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

In the instant action, Defendants have provided evasive and incomplete discovery responses, and have thus failed to respond to Plaintiffs' discovery requests. Defendants continue

to withhold documents known by Plaintiffs to exist, such as letters referring to Plaintiffs and recordings of house fees paid by Plaintiffs. Furthermore, despite Plaintiffs' good faith attempts to confer with Defendants regarding their discovery failures, Defendants continue to ignore their obligations under Rule 34 to provide all requested materials relevant to Plaintiffs' case. Accordingly, Plaintiffs respectfully request that the Court order Defendants to respond to Plaintiffs' discovery requests.

### A.  **Electronic Discovery**

Since Defendants continue to withhold documents requested by Plaintiffs that are known to exist, and/or claim that hard copies of said documents are unavailable, Plaintiffs respectfully request that the Court order Defendants to produce electronic data (including all: electronic mail, hard drive databases, computer system activity logs, word processing or other program files, and all other electronic data files); on-line data storage on mainframes and minicomputers; off-line data storage, backups, and archives, floppy diskettes, tapes and other removable electronic media; and all other electronic material containing information about Plaintiffs, house fees, and other issues related to the case. For example, house fees were recorded in Excel spreadsheets, and letters referencing Plaintiffs were saved on hard drives. In light of Defendants' blatant attempts to cover up any documents damaging to their case, Plaintiffs contend that access to Defendants' computer hard drives is the only means of recovering requested materials. Notwithstanding the fact that Plaintiffs' discovery demands specifically request electronic data pursuant to Fed. R. Civ. P. 32(a)(1)(A), Defendants have refused to provide the discovery requested. Therefore, due to Defendants' blatant disregard of the Federal Rules of Procedure, Defendants should be required to provide all outstanding discovery in electronic form.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an order directing Defendants to properly respond to Plaintiffs' First and Second Set of Document Requests, and to produce responsive documents. To ensure compliance with this order, Plaintiffs also respectfully request that the Court enter an order directing Defendants to produce all electronic data responsive to these document requests.

Dated:   New York, New York
         December 17, 2010

        Respectfully submitted,

        /s/ Brian Schaffer
        Brian Schaffer (BS 7548)

        **FITAPELLI & SCHAFFER, LLP**
        Joseph A. Fitapelli (JF9058)
        Brian S. Schaffer (BS 7548)
        475 Park Avenue South, 12th Floor
        New York, New York 10016
        Telephone: (212) 300-0375
        *Attorneys for Plaintiffs*