USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/26/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x
RUSSELL WHELCHEL and JOSEPH BOVINO,

         Plaintiffs,

  -against-

THE EXECUTIVE CLUB, LLC d/b/a PENTHOUSE
EXECUTIVE CLUB, I.M. OPERATING, LLC d/b/a
SCORES HOLDING COMPANY INC. and ROBERT
GANS,

         Defendants.
--------------------------------------------------------------------- x

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

10 Civ. 2561 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Defendants move for under Federal Rule of Civil Procedure 56 for partial summary judgment as to Count 1 of Plaintiffs' Amended Complaint. The motion is denied.

  According to the Amended Complaint, Plaintiff Whelchel is a hair and makeup stylist who was employed by the Penthouse Club and the Scores New York club from October 2006 to February 13, 2010. Whelchel filed his Complaint in this action on March 22, 2010. On July 30, 2010, Joseph Bovino, also a hair and makeup stylist, joined in the filing of the Amended Complaint as a new plaintiff. Bovino began working at the Penthouse Club in June 2003 and is still employed there.

  The Amended Complaint generally alleges that Defendants have failed to provide legally sufficient compensation to Plaintiffs. In Count 1, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., Plaintiffs allege that Defendants did not pay them appropriate minimum wages; unlawfully deducted and withheld pay; and failed to post legally mandated signs explaining the rights afforded by the FLSA. On these bases, Plaintiffs further allege that Defendants' conduct has been "willful and intentional." Amended Compl. ¶ 63.

1

Defendants move for partial summary judgment to dismiss the portion of Count 1 that alleges willful conduct.

The motion must be denied. Under the FLSA, a plaintiff may seek two years of back pay unless he can show that the defendant's conduct was willful, in which case the plaintiff may seek three years of backpay. 29 U.S.C. § 255(a). The purpose of the present motion, then, is to preclude Plaintiffs from seeking the additional year of backpay. To succeed, Defendants bear the burden of showing their entitlement to summary judgment, either by pointing to evidence that negates the claim of willfulness or by identifying portions of Plaintiffs' evidence that demonstrate the absence of a genuine issue of material fact. Salahuddin v. Goord, 467 F.3d 263, 272-73 (2d Cir. 2006). Defendants cannot carry this burden simply by "denying the opponent's pleadings." Id. at 273. Yet that is what Defendants have done: rather than set forth evidence showing a lack of willfulness as an undisputed fact, Defendants have simply disagreed with Plaintiffs' allegation that willfulness exists. Accordingly, there is no basis for the Court to grant the relief Defendants seek.[1]

The motion for partial summary judgment is denied. The Clerk shall terminate the motion (Doc. Nos. 25 and 32).

SO ORDERED.

Dated:   May 26, 2011
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[1] Substantively, Defendants' motion is really a Rule 12(b)(6) motion: Defendants contend that Plaintiffs have not plausibly pleaded a claim of willful misconduct, suggesting that the pleading in Paragraph 63 of the Amended Complaint is conclusory. Plaintiffs, however, have alleged that Defendants paid them no minimum wages, docked and withheld wages that Plaintiffs did receive, and failed to put up notices of FLSA rights as required by law. Plaintiffs are entitled to make out willfulness by showing either knowledge and avoidance of the FLSA, or reckless disregard of it. Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009). The complaint pleads sufficient facts to make out an allegation of willfulness.